By the Court.—Freedman, J.
This action was brought to recover §203, and interest, as a balance due for rent on a lease made by Henderson, the plaintiff, to one Warmcastle, on which lease the defendant Arbuckle had become surety for the payment of the rent and the performance of the covenants to be performed by Warmcastle.
Arbuckle defends upon the ground that Warmcastle paid that sum to the Department of Public Works for meter charges for water supplied to the premises by the corporation of the city of New York for business purposes, prior to the commencement of the lease.
The sole question presented by the appeal is whether such payment is available to Arbuckle as a defense to the action.
The meter charges referred" to accrued previous to the making of the lease and were for water consumed by a former tenant of the plaintiff.
Such meter charges, or extra water rents as they are frequently called, are, since the statutes of 1870 and 1873, taxes on the land, and the consumer of the water *145 covered by them is not personally liable for them (Moffat v. Henderson, 50 Super. Ct. 211).
Nor is there any evidence in the case that the plaintiff, during the time for which these charges accrued, had such a connection with the use of the said water, that he became personally bound to pay.
In his lease to Warmcastle the plaintiff did not covenant to pay them, nor did he covenant that the premises which consisted of stables, were free and clear from any such charge. So he did not covenant that Warmcastle should have Croton water supplied to him during the demised term. There is therefore no breach of any covenant entered into by the plaintiff, or of any duty or obligation resting upon him, and consequently the case does not fall within the provision of the statute (1 R. S. 6th ed.,p. 985, § 4), under which a tenant who was compelled to pay a tax which any other person by agreement or otherwise ought to have laid, is entitled to recover back the amount or to retain the amount from any rent due or accruing from him to such person for the land so taxed.
On the contrary, in the lease which commenced January 1, 1882, Warmcastle covenanted to pay “all rent or charges which is or may be assessed or imposed upon the said premises for the Croton water on or before the first day of August, 1882.” This covered much more than the covenant to pay “ the regular annual rent or charge,” considered in Moffat v. Henderson, (supra), or the covenant to pay “all ordinary yearly taxes, considered in Garner v. Hannah (6 Duer, 262). It embraced all rents or charges for Croton water existing against the demised premises at the time of the commencement of the lease.
For the reasons stated, Warmcastle had no right to look to the plaintiff for the payment of the said charges, and the defendant as surety stands in no better position.
The payment made by Warmcastle to the Department of Public Works was, under the circumstances of *146 this case, a voluntary one as against the plaintiff. Such a payment can no more be used as the basis of a defense to a claim which the plaintiff is entitled to enforce, than it can be used to sustain an action to recover back the money.
There was no error in the proceedings at the trial, and a verdict was properly directed for the plaintiff.
The judgment should be affirmed with costs.
Sedgwick, Ch. J., and Ingraham, J., concurred.